[Civ. No. 831. First Appellate District.—July 13, 1911.]

THOMAS WALSH, Respondent, v. N. E. BRADSHAW, Appellant.

APPEAL—REVIEW OF EVIDENCE—CONFLICT.—When there is a plain conflict in the evidence, appellate courts must consider all the evidence in favor of the prevailing party as true, as well as all reasonable inferences deducible therefrom.

ID.—ACTION FOR VALUE OF RESTAURANT FIXTURES—CONSTRUCTION FOR TENANT OF BUILDING—PROMISE BY OWNER—CONFLICT—SUPPORT OF FINDING.—In an action for the value of restaurant fixtures constructed for the tenant of a building by the constructor thereof, brought by the assignee of the constructor against the owner of the building, where the evidence conflicts as to whether the owner promised to pay for the fixtures or whether the tenant was alone liable therefor, it is held upon appeal that a finding that defendant owner promised to pay for the same, based upon the evidence of several witnesses, is amply supported, and cannot be disturbed upon appeal.

ID.—REASONABLE VALUE OF WORK AND MATERIALS—SUPPORT OF FINDING.—It is also held that, in view of the conflict in the evidence, a finding as to the reasonable value of the work and materials employed in the construction of the fixtures is supported by the evidence, and cannot be disturbed.

ID.—PRIOR ACTION BY MEMBER OF CORPORATION IN INDIVIDUAL NAME—CROSS-EXAMINATION—EXCLUSION OF COMPLAINT NOT ERRONEOUS.—Where it appears that a member of the corporation assignor brought a prior suit in his individual name for the value of the fixtures, and when he testified for plaintiff he testified on cross-examination fully as to such prior suit, the court did not err in excluding the complaint therein as evidence.

ID.—COLLATERAL EVIDENCE AS TO OWNERSHIP OF FIXTURES—EXCLUSION NOT MATERIAL.—Evidence to show an agreement between defendant and her husband as to ownership of the fixtures which is collateral to any issue in the case is too inconsequential to render its exclusion material.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

F. H. Dam, and E. T. Manwell, for Appellant.

F. V. Meyers, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, in an action for the reasonable value of work and labor performed and materials furnished.

The assignors of plaintiff, Bailey Bros., a corporation, at the instance of the defendant, erected for her a two-story frame building on Folsom street, in San Francisco. At about the time of the completion of the building one Fred Roy, having made arrangements with the defendant for a lease of the lower floor of said building, requested Bailey Bros., through James Bailey, to do the necessary carpenter work to fit up that floor for a restaurant. This work was done, and the main question in the case is, Who was to pay for it—the defendant or Roy?

Several witnesses introduced by the plaintiff testified that the defendant told the assignors to proceed with the work for Roy and that she would pay for it. Roy, who subsequently married the defendant, testified that he was to settle for the work with Bailey Bros. Defendant in her testimony said that she told Bailey Bros. that the proposed work was a matter wholly between Bailey Bros. and Roy; that she would have nothing to do with it. Robert Turpin, a witness called by the defendant, corroborated the testimony given by her and by Roy. Defendant's counsel have filed a painstaking brief, and they have made many ingenious points indicating that Roy and not the defendant is liable for the reasonable value of the work done and materials furnished, but there is a plain conflict in the evidence, and when this is true, as has been said numberless times, appellate courts must consider all the evidence in favor of the prevailing party as true, as well as all reasonable inferences deducible therefrom. (*Woody* v. *Bennett,* 88 Cal. 243, [26 Pac. 117]; *Meyer* v. *Gt. Western Ins. Co.,* 104 Cal. 381, [38 Pac. 82].) So considering the testimony here, it abundantly supports the finding of the court that the defendant was to pay for the work.

What has just been said applies as well to defendant's contention that the evidence does not sustain the finding of the court as to the reasonable value of the materials furnished and work done. As to these matters there was a conflict in

the evidence, and under the rule the finding cannot be disturbed on appeal.

Prior to the commencement of this suit E. J. Bailey, in his individual capacity, brought an action against the defendant to recover for the same work and labor and materials furnished forming the subject matter of this suit. In the present action E. J. Bailey having testified that Bailey Bros. did the work and furnished the materials, the defendant sought on cross-examination of the witness to introduce his verified complaint in the former action, for the purpose of discrediting and impeaching his present testimony. No error was committed by the trial court in sustaining the objection to this testimony interposed by the plaintiff, for the simple reason that the witness had already in his cross-examination admitted substantially everything sought to be shown by the offered complaint.

By a ruling of the court defendant was prevented from showing that she never owned the fixtures put in the restaurant by Bailey Bros. She argues that if she did not own the fixtures, or was not to become the owner thereof at the end of the lease to Roy, this is a circumstance tending to show that she did not agree to pay Bailey Bros. for the making and installation of them, and that therefore the rejection of the testimony was error.

The proposed testimony called for an arrangement between the defendant and her husband collateral to any of the issues in the case. The husband claimed to own the fixtures, and he and his wife testified that he and not she was to pay for them, and under all the circumstances of the case we believe that the rejection of this testimony was a matter too inconsequential to merit serious consideration.

A careful examination of the record reveals no error. The judgment and order are therefore affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 12, 1911, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 11, 1911.